UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIZABETH ARMSTRONG,

        Plaintiff,

vs.                              Case No. 2:02-cv-73-FtM-29DNF

CHARLOTTE COUNTY, a local county government,

        Defendant.
_____

**OPINION AND ORDER**

After affirming the jury verdict and judgment in this sex discrimination case, the Eleventh Circuit Court of Appeals granted appellee's motion for post-trial and appellate fees and non-taxable costs as to entitlement and remanded the matter to the district court for a determination as to the reasonable amounts to be awarded. (See Doc. #105).[1] Plaintiff filed Memorandum of Law in Support of Motion for Appellate Fees (Doc. #107) on December 28, 2004, which was construed as a motion. Defendant filed a Memorandum of Law in Support of Its Objections (Doc. #110) on January 13, 2005. A corrected timesheet was filed on March 23, 2005.

---

[1]The Court recognizes that plaintiff-appellant has a Supplemental Motion for Attorney's Fees and Costs Incurred on Appeal to the U.S. Supreme Court (Doc. #117) pending before the Eleventh Circuit Court of Appeals which has not been remanded to the District Court.

**I.**

The Court concludes that the amount of a reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate, without a multiplier. Neither party disputes that the lodestar approach is the correct methodology, although plaintiff's counsel requests the use of a multiplier. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The Court will exercise its discretion and not apply the multiplier.

Plaintiff seeks attorney fees for two attorneys who represented plaintiff on appeal, and one attorney who provided an Unsworn Declaration Regarding Plaintiff's Motion for Award of Attorney Fees (Doc. #108). Plaintiff suggests that an hourly rate of $275.00 per hour for attorney Amy Sergent, and a rate of $375.00 per hour for attorney Kendra Presswood. After reviewing the entire file, including the trial judge's prior determination of a reasonable hourly rate, the Court concludes that $200 per hour is a reasonable rate for each of plaintiff's attorneys.

**II.**

The Court does not find that the production of an Unsworn Declaration regarding attorney fees merits 7.5 hours of work. The

request for Catherine A. Kyres will be reduced to 2.0 hours at a rate of $200.00 for a total of **$400.00**. The cost of overnight delivery will be eliminated as an overhead cost.

Plaintiff has provided time sheets showing 214.10 hours for attorney Sergent and 119.00 hours for attorney Presswood, for a total of 333.10. Defendant suggests that the total billable hours should be reduced to a total of 265.65 for various reasons. Having reviewed the submissions, the Court agrees in part. The Court finds that the entry for 5.50 hours for attorney Presswood on June 29, 2004, should be eliminated as it appears to be a duplicate of the time requested for attorney Sergent, and because it is unclear whether travel time is included in the total, which the Court finds would be excluded. The Court further finds that the entry on June 30, 2004, should be reduced to 7.0 to eliminate travel time back from Miami. Therefore, the total hours for attorney Presswood would be 112 hours at a rate of $200.00 for a total of **$22,400.00**.

As to attorney Sergent, the Court finds that the following reductions should be made:

| DATE & TIME | TIME DEDUCTED |
|---|---|
| 6/12/03 - 1.2 | 1.2 |
| 1/12/04 - 5.6 | 2.0 |
| 1/13/04 - 7.5 | 5.0 |
| 1/14/04 - 2.3 | 1.3 |
| 6/23/04 - 6.2 | 6.2 |
| 6/25/04 - 8.7 | 8.7 |

| | |
|---|---|
| 6/30/04 - 9.2 | 2.2 |
| 9/20/04 - 0.2 | 0.2 |
| **TOTALS:  40.9** | **26.8** |

The Court finds that the above listed hours should be reduced or eliminated based on duplicated efforts or excessive hours claimed. Therefore, the 214.10 hours requested will be reduced to 187.30 hours for a total of $37,460.00.  Plaintiff will therefore be awarded appellate fees totaling **$59,860.00.**

### III.

Plaintiff also seeks non-taxable costs totaling $2,705.76. As the Eleventh Circuit pointed out, transcript costs are taxable in the district court.  Fed. R. App. P. 39(e).  Defendant concedes that the transcript is allowable (Doc. #110, p. 15), so the Court will tax **$1,146.80.**  The Court simply cannot tell from the information provided by plaintiff which, if any, of the other expenses are recoverable.  Since the burden is upon plaintiff to support her request for costs, the Court will deny the request other than the request for a transcript.

Accordingly, it is now

**ORDERED:**

1.  Plaintiff's Memorandum of Law in Support of Motion for Appellate Fees (Doc. #107), treated as a motion, is **GRANTED** in part

to the extent that the Court will award **$82,660.00** in attorney fees and **$1,146.80** in costs.

    2.   The Clerk of the Court shall enter an Amended Judgment accordingly, for which let execution issue.

    3.   The September 24, 2003, stay on the execution of Judgments (Docs. #71, #90) is hereby **lifted.**  Let execution issue.

    **DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of June, 2005.

                                           JOHN E. STEELE
                                           United States District Judge

Copies:
USCA
Counsel of record